[No. 23263-8-III.   Division Three.   January 24, 2006.]

*In the Matter of the Welfare of* C.L.

*Susan M. Gasch* (of *Gasch Law Office*), for appellant.

*James F. Nagle, Prosecuting Attorney*, and *Michelle M. Mulhern, Deputy*, for respondent.

¶1 KATO, C.J. — In 2004, the Department of Social and Health Services, Division of Children and Family Services (Department) filed a petition to terminate Garland Eubanks's parental rights to his then 16-year-old daughter, C.L. The court granted the petition. Claiming he should have been offered services prior to termination of his rights, Mr. Eubanks appeals. Because no services existed that would have corrected his parental deficiencies in the foreseeable future, we affirm.

¶2 C.L. was born August 28, 1988. Mr. Eubanks is her biological father.

¶3 In 1993, Mr. Eubanks was convicted of first degree child molestation and first degree child rape of C.L.'s sister. He was sentenced to 144 months in confinement but was not required to complete any type of sex offender treatment.

¶4 After C.L.'s mother died in 1996, her grandmother became her guardian. In 2003, she became unable to care for C.L. and asked that the guardianship be vacated. The Department then started a dependency action.

¶5 In June 2004, the Department filed a petition to terminate Mr. Eubanks's parental rights. The petition indicated he was not provided with any services because the Department was relieved of its duty to offer such services due to his criminal history.

¶6 Mr. Eubanks was released from prison in 2004. At the hearing, he testified he had completed a victim awareness education class, anger management classes, and employment-related classes while in prison. He was also evaluated for substance abuse and found to have no significant problem. He did not want his parental rights terminated and wanted to have visitation with his daughter. He said he would get whatever counseling he needed.

¶7 His parole officer testified Mr. Eubanks did not participate in any sex offender treatment while in prison. He had also incurred several infractions while incarcerated, including sexually harassing female staff. The terms of his release prohibited him from having any contact with underage females. A psychosexual evaluation indicated Mr. Eubanks was a high risk to reoffend.

¶8 C.L's case manager testified C.L. had numerous mental health issues. She was also terrified of her father.

¶9 The court determined no services had to be offered to Mr. Eubanks because he had been convicted of first degree child rape, an aggravating circumstance excusing the requirement for offering services. The court found Mr. Eubanks had not sought treatment for sexual deviancy and was not amenable to such treatment in any event. Mr. Eubanks also expressed no remorse for his sexual offenses.

The court further noted C.L. was terrified of her father. The court terminated his parental rights. Mr. Eubanks appeals.

¶10 A trial court has broad discretion to terminate parental rights if it finds the elements in RCW 13.34.180(1) are established by clear, cogent, and convincing evidence and termination is in the best interests of the child. *In re Welfare of H.S.*, 94 Wn. App. 511, 518, 973 P.2d 474 (1999), *cert. denied*, 529 U.S. 1108 (2000). Only one of these elements—that all necessary and reasonably available services capable of correcting the parenting deficiencies within the foreseeable future have been offered and provided—is at issue here. *Id.* at 519.

¶11 RCW 13.34.132(4) relieves the Department of its duty to provide services to reunify the family if aggravating circumstances exist:

> In determining whether aggravated circumstances exist by clear, cogent, and convincing evidence, the court shall consider one or more of the following:
>
> (a) Conviction of the parent of rape of the child in the first, second, or third degree as defined in RCW 9A.44.073, 9A.44.076, and 9A.44.079.

Because Mr. Eubanks had been convicted of first degree child rape, the court held an aggravating circumstance existed and the Department did not have to provide any services.

¶12 Mr. Eubanks challenges this finding by arguing that "rape of the child" means he had to be convicted of raping the child who is the subject of the dependency proceeding. "[T]he child" in RCW 13.34.132 has indeed been held to refer to the child who is the subject of the dependency action. *In re Welfare of A.T.*, 109 Wn. App. 709, 716, 34 P.3d 1246 (2001). C.L. was not the child Mr. Eubanks was convicted of raping. The court thus erred by using this aggravating circumstance to relieve the Department of the requirement to provide services.

¶13 Even if the Department fails to offer services to a willing parent, however, termination is proper if the

services would not have remedied the parental deficiencies in the foreseeable future. *In re Dependency of T.R.*, 108 Wn. App. 149, 164, 29 P.3d 1275 (2001). The foreseeable future is determined based upon the age of the child at the time of the proceedings. *Id.* Here, C.L. was within a year and several months of turning 18. For purposes of this action, Mr. Eubanks had to be able to remedy his parenting deficiencies in that time.

■ ■ ¶14 But he was prohibited from having contact with underage females pursuant to the terms of his release from prison. He was also not amenable to treatment. Even if he were, treatment would not correct any deficiencies in the foreseeable future and most certainly not before C.L. turned 18. We may affirm the trial court on any ground established by the pleadings and supported by the record. *Truck Ins. Exch. v. VanPort Homes, Inc.,* 147 Wn.2d 751, 766, 58 P.3d 276 (2002). Because services would not have remedied deficiencies in the foreseeable future, the court properly terminated Mr. Eubanks's parental rights.

¶15 Affirmed.

SWEENEY, J., and THOMPSON, J. PRO TEM., concur.